DORA BRIDGES *et al.*, Respondents, v. JOSEPH J.
RUSSELL, Executor of MARTHA BOYD,
Deceased, Appellant.

### St. Louis Court of Appeals, April 10, 1888.

1. PRACTICE, APPELLATE—AMOUNT OF JUDGMENT.—A judgment will.
not be reviewed as to its amount, when there was evidence sup-
porting such amount, and no objection for excess was presented in
the motion for a new trial.

2. RECEIPT, EFFECT OF, IN A DEED.—The recital in a deed of the
receipt of purchase money is only *prima-facie* evidence of the
fact, and may be rebutted by evidence showing that the money
was not received, or that a credit has been given for it, so that the
amount is properly chargeable in an account sued on by the
grantor.

3. EVIDENCE—AGENCY—HUSBAND AND WIFE.—The rule which requires
superior evidence of a husband's authority as agent for his wife,
applies where the act of agency is adverse to the wife's interest,
but not where it is in her favor; and is entitled to no considera-
tion in a case where the two are joined as plaintiffs affirming the
agency.

APPEAL from the Mississippi Circuit Court, HON.
GEO. H. BENTON, Special Judge.

*Affirmed.*

WILSON & CRAMER, for the appellant: The recital
of the receipt of the consideration in the deed from
George H. Bridges and wife to Martha Boyd is *prima-
facie* evidence of its payment and precludes a recovery
for the first item of the account, there being no evidence
to the contrary. 2 Wharton's Evid. [2 Ed.] sec. 1042;
*Fontaine v. Savings Inst.*, 57 Mo. 552, 561; *Hollocher*

*v. Hollocher*, 62 Mo. 267, 274. Assuming that an indebt-edness existed on account of the second and third items of the claim, the right of Dora Bridges to recover rests upon the agency of her husband. Of this there was no sufficient proof. *Eystra v. Capelle*, 61 Mo. 578; 2 Bishop's Mar. Wom., sec. 396.

C. P. & J. D. JOHNSON and M. ARNOLD, for the respondents : Appellant, after conceding or assuming that there was some evidence of the agency, contends that there was not sufficient to establish the same, for the reason that the rule of law requires stronger and more satisfactory proof of the agency of a husband for a wife than is required in ordinary cases ; and cites in support of the same *Eystra v. Capelle*, 61 Mo. 578, and 2 Bish. Mar. Wom., sec. 390. Ordinarily agency will be inferred from circumstances and need not be proved by direct evidence. *Hull v. Jones*, 69 Mo. 287; *Smith v. Warden*, 86 Mo. 399. The rule, however, only applies to cases where the act of the husband as the wife's agent is antagonistic to the latter's interest. An examination of *Eystra v. Capelle*, and *Rowell v. Klein*, 44 Ind. 291, and *McLaren v. Hall*, 26 Iowa, 297, upon which the decision is based, will show the correctness of this conclusion.

THOMPSON, J., delivered the opinion of the court.

Dora Bridges and George H. Bridges, her husband, preferred a claim in the probate court of Mississippi county against the estate of Martha Boyd, deceased, for the sum of $836.16. The probate court refused to allow the claim, and the plaintiffs appealed to the circuit court, where, on a trial anew, before a special judge, sitting as a jury, the plaintiffs obtained a judgment in the sum of $757.02.

The claim preferred by the plaintiffs was stated as follows :

"Estate of Martha Boyd, To Dora Bridges, in her separate and sole right and separate property, and George H. Bridges, Dr.

"1882.

"Feb'y 6, To E. half of lot No. 5, block  
No. 1, Goodin add. to City of  
Charleston..................$150.00  
To building house............ 875.00  
To building out-houses, side-  
walk, fences, and pump.... 100.00  
By cash on purch. price.$423.60  
Balance due........ 701.40  
Int. on same since Feb'y 6, 1882. 136.76

Total..................$838.16 "

At the trial in the circuit court there was substantial evidence tending to support the finding and judgment which the court rendered. This evidence tended to show that, out of property which had been conveyed to Mrs. Bridges, she made a deed of a lot to Mrs. Boyd, who was her grandmother, for the recited consideration of one hundred and fifty dollars, acknowledged in the deed to have been paid, but shown by substantial testimony outside of the deed not to have been paid ; that Mrs. Bridges was the owner of a stock of groceries, and that her husband, acting as her agent, carried on the grocery business for her ; that her husband, as such agent, made a contract with one Danforth to build a house for Mrs. Boyd upon the lot so conveyed to the latter, for the sum of eight hundred and seventy-five dollars, to be paid to Danforth in groceries ; that the arrangement between Mrs. Bridges and Mrs. Boyd was that Mrs. Boyd should pay to Mrs. Bridges for the house the sum which Mrs. Bridges paid in groceries to Danforth for building it ; and that Mrs. Bridges paid in this manner this sum to Danforth. The evidence, consisting of the entries of a

book of accounts found among the effects of Mrs. Boyd after her decease, by her administrator, and, also, evidence of her declarations to a disinterested witness, tended to show that she had not paid on this account more than the sum of $423.60.

I.   There was also an attempt made by the plaintiffs to support by evidence the third item in their claim as above set out, namely, the item of one hundred dollars "for building outhouses, sidewalks, fence, and pump." There was evidence tending to show that these additional improvements were built by some one, and that they were of the value of from seventy-five to one hundred dollars; but the evidence seems not to have been sufficient to show that these improvements were erected either by the plaintiff Dora Bridges, or by her husband.   Error is assigned upon the supposed allowance of this item; but, taking into consideration the accruing of interest and the amount for which judgment was rendered, the conclusion would seem unavoidable that the learned judge disallowed this item; besides, it was not assigned in the motion for new trial that the judgment was excessive.   It need not, therefore, be further considered.

II.   The next assignment of error which we shall consider is, that there was no evidence to overcome the *prima-facie* evidence of payment of the first item of the claim, namely, the item of one hundred and fifty dollars, which arises from the recital in the deed of its payment. We do not so understand the record.   The evidence of a witness named Watkins was to the effect that Mrs. Boyd, having then the deed in her possession, had stated to him that she had paid about four hundred dollars on the account, which included the one hundred and fifty dollars due for the lot.   This four hundred dollars corresponds to the item shown by her book or account of $423.60, for which credit has been given.

III.   The next assignment of error challenges the sufficiency of the evidence tending to show that George H. Bridges acted in the matter of erecting the house as

the agent of his wife Dora Bridges, on the authority of *Eystra v. Capelle*, 61 Mo. 578, where it was ruled that evidence to show such an agency "must be cogent and strong and more satisfactory than would be required between persons occupying different relations." That was said in a case where the wife was disaffirming an unauthorized arrangement made by her husband, whereby she was divested of her property. The principle there laid down is unquestionably a sound one in its application to such a case; but it has no application to a case where both the husband and the wife are joined as plaintiffs in a suit, and where both are affirming the fact of the agency for the benefit of the wife.

Aside from this we are unable to see any force in this objection as a matter of law, even if it were well founded in fact. The house was erected either by the husband acting as the agent of the wife, or by the husband acting for himself. He and his wife join in this action and claim that he erected it acting as the agent of the wife. It cannot be material to any one beneficially interested in Mrs. Boyd's estate, whether he erected it as the agent of his wife or acting for himself. Their united presence as co-plaintiffs upon this record estops them both. The wife is estopped, because she stands here as the beneficial plaintiff and gets the fruit of the recovery. The husband is estopped, because he joins with the wife in the character in which she sues and supports her claim as the legal beneficiary in the action.

The remaining assignment of error, that the judgment is not supported by substantial evidence, appears, from what has already been said, to be not well taken.

With the concurrence of Judge Rombauer, the judgment is, therefore, affirmed.